## John P. White *et al.*

*v.*

## Ferdinand W. Herrman.

1. Evidence—*secondary—best must be produced.* Where the obligors in a written instrument obtained its possession, refused to deliver the same to the obligee, but gave a copy thereof and destroyed the original, and when sued denied the execution of the contract declared on in a plea verified by affidavit, it was held that the copy, when accepted as such, was, as between the parties, of equal authenticity with the original.

2. And when it appeared that such copy was left with plaintiff's attorney for suit, it was held error in the court to admit in evidence a copy of it made by plaintiff's attorney, upon the testimony of plaintiff that it was a copy of the original as nearly as he could recollect. The copy given by defendants was the next best evidence to the original, and should have been produced or its non-production explained.

3. Evidence—*proof of value.* In a suit to recover damages for a failure to convey title when only a small sum was paid, the preponderance of the testimony showed that the land was worth no more than was agreed to be paid, but the plaintiff showed, without objection, that other lots in an adjoining tract had sold much higher by the front foot. This proof did not disclose the terms of the sale, the number of lots sold, or whether the purchases were *bona fide:* Held, that such evidence was too vague and unsatisfactory to furnish a proper indication of the value of eighty acres sold in a body.

Appeal from the Superior Court of Cook County; the Hon. William A. Porter, Judge, presiding.

Mr. C. H. Willett, for the appellants.

Mr. H. B. Hurd & Mr. John W. Kramer, and Ingwell Oleson, for the appellee.

Mr. Chief Justice Lawrence delivered the opinion of the Court:

White and Henderson, the appellants, who were real estate agents in Chicago, on the 10th of September, 1868, sold to

74          WHITE *et. al. v.* HERRMAN.          [Sept. T.,

Opinion of the Court.

Herrman, the appellee, eighty acres of land, situated near the city, and gave him a contract signed by them as the vendors. They annexed to their signature the word "agents," but the contract did not disclose the name of their principal, and, by its terms, made them personally liable. The purchaser paid in hand only one hundred dollars. The residue of the first payment was to be made on delivery of abstract of title and deed. On the 13th of September, Herrman called at the office of White & Henderson to inquire as to the abstract. One of the firm then asked him for the contract in order to take it to Hardin, the owner of the land, and procure his written ratification. The contract was surrendered for that purpose to White, who went out of the office and in a few minutes returned, saying the owner would not ratify the sale. He refused to give back the original contract to Herrman, but gave him a copy. Herrman brought suit against White & Henderson for refusing to convey, and recovered a verdict and judgment for $5,100, from which they have prosecuted this appeal.

On the trial the plaintiff was placed upon the stand and asked whether the written instrument attached to the declaration was a copy of the original contract. He answered it was, as nearly as he could recollect. It appeared by a further examination that the copy made by White from the original contract and delivered to plaintiff, had been delivered by the latter to his then legal adviser, and, so far as appears, was still in his hands. He was not summoned, or, at least, did not appear. The execution of the contract had been denied by the defendants in a plea verified by affidavit. Under these circumstances, the court admitted in evidence the instrument attached to the declaration. In this, we think, there was error. The instrument given by White to the plaintiff as a copy or duplicate of the original contract, and accepted by the plaintiff as such, was, as between these parties, of equal authenticity with the original, and was within the power of the plaintiff. Next to the original it was the best evidence, and should have been produced, or its non-production should have been

explained.   There was no testimony that the instrument admitted in evidence had been compared with that furnished by the defendants, and the plaintiff could only say that it was a copy of the original, as nearly as he could recollect.   This was very unsatisfactory.   Probably the court admitted this copy on the ground that it was proven by the defendant White, that he had destroyed the original, and, therefore, this copy could be received upon the testimony of the plaintiff as to his belief in its identity with the original.   This might have been so had it not appeared there was better evidence to be had—an instrument as authentic as the original itself.   Under the circumstances, the admission of this paper was error.

We are the more ready to reverse this judgment for this error, because we think the damages are much larger than the evidence justifies.   The great preponderance of the testimony certainly shows that the land, sold, as it was, by the acre, was worth no more than the price the plaintiff agreed to pay. The only evidence to the contrary is based upon the price which some town lots in an adjoining tract brought at an auction held about the same date.   These lots were sold by the front foot. This testimony, to which no objection was made on the trial, does not disclose the terms of the sale, nor the number of the lots thus sold, nor whether the sales were to purchasers who bought in good faith and who have paid their bids.   The entire testimony as to these sales was of a very vague and unsatisfactory character, and furnished an extremely imperfect indication of the value of a tract of eighty acres sold in a body, the purchase money payable one-half in hand and the balance in one year, with eight per cent interest.   While the defendants were censurable if they did not disclose at the time of executing the contract, that the property really belonged to another person and the sale must be ratified by him, which White testifies was done, still, in this action, they are not to be punished by exemplary damages.   The judgment must be reversed, and the cause remanded.

*Judgment.*